FILED by JA D.C.

Mar 16, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-60083-CR-SINGHAL/SNOW**

CASE NO. _____

18 U.S.C. § 371
26 U.S.C. § 7206(2)
26 U.S.C. § 7206(1)

UNITED STATES OF AMERICA

vs.

NIKENCY ALEXIS and
THONY GUILLAUME,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

1. Defendant **NIKENCY ALEXIS** was a resident of Broward County, Florida.

2. Defendant **THONY GUILLAUME** was a resident of Broward County, Florida.

3. Beginning in or around September 2010, and continuing until at least May 2016, **NIKENCY ALEXIS** owned and operated Unity Tax & Financial Services Inc. ("Unity Tax"), a Florida corporation based in Broward County, in the Southern District of Florida. Unity Tax was in the business of providing tax preparation services.

4. Beginning in or around February 2011, and continuing until at least May 2016, **THONY GUILLAUME** worked at Unity Tax.

5. The Internal Revenue Service ("IRS") was an agency of the U.S. Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

## COUNT 1
## Conspiracy to Defraud the United States
## (18 U.S.C. § 371)

6. Paragraphs 1 through 5 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

7. Beginning in or around February 2011, and continuing until at least May 2016, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**NIKENCY ALEXIS**
and
**THONY GUILLAUME**,

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes.

### PURPOSE OF THE CONSPIRACY

8. The purpose of the conspiracy was for the defendants and their conspirators to unlawfully enrich themselves by preparing false U.S. Individual Income Tax Returns, known as Forms 1040, which fraudulently increased their customers' tax refunds in order to collect preparation fees and increase their customer base.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

9. **NIKENCY ALEXIS** and **THONY GUILLAUME** aided and assisted in preparing and filing false tax returns for their customers.

10. **NIKENCY ALEXIS** and **THONY GUILLAUME** prepared tax returns that falsely reported that their customers owned businesses, which did not exist, and incurred business expenses, which were made up, in order to fraudulently increase the customers' tax refunds.

11. **NIKENCY ALEXIS** and **THONY GUILLAUME** also prepared tax returns that falsely reported that their customers incurred fake education expenses and qualified for education credits, including, but not limited to, the American Opportunity Tax Credit ("AOTC"), in order to fraudulently increase the customers' tax refunds.

12. **NIKENCY ALEXIS** and **THONY GUILLAUME** collected preparation fees of up to $970 per tax return, which were deducted from the customers' refunds.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the conspirators committed and caused to be committed, in Broward County, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

13. On or about March 2, 2011, **NIKENCY ALEXIS** prepared a 2010 Form 1040 on behalf of customers "R.G. and N.G.," which falsely claimed that "R.G. and N.G." incurred a business loss of $13,723 and qualified for an AOTC of $2,000, among other false items.

14. On or about February 3, 2012, **NIKENCY ALEXIS** prepared a 2011 Form 1040 on behalf of customers "R.G. and N.G.," which falsely claimed that "R.G. and N.G." incurred a business loss of $18,688 and qualified for an AOTC of $2,000, among other false items.

15. On or about March 3, 2012, **THONY GUILLAUME** prepared a 2011 Form 1040 on behalf of customer "M.S.," which falsely claimed that "M.S." incurred a business loss of $14,142, among other false items.

16. On or about February 12, 2013, **THONY GUILLAUME** prepared a 2012 Form

1040 on behalf of customer "M.S.," which falsely claimed that "M.S." incurred a business loss of $14,029, among other false items.

17. On or about February 27, 2013, **NIKENCY ALEXIS** prepared a 2012 Form 1040 on behalf of customers "R.G. and N.G.," which falsely claimed that "R.G. and N.G." incurred a business loss of $16,312, among other false items.

18. On or about March 2, 2013, **NIKENCY ALEXIS** prepared a 2012 Form 1040 on behalf of customer "S.B.," which falsely claimed that "S.B." incurred a business loss of $10,578, among other false items.

19. On or about March 3, 2014, **NIKENCY ALEXIS** prepared a 2013 Form 1040 on behalf of customer "S.B.," which falsely claimed that "S.B." incurred a business loss of $14,018, among other false items.

20. On or about February 22, 2014, **THONY GUILLAUME** prepared a 2013 Form 1040 on behalf of customer "M.S.," which falsely claimed that "M.S." incurred a business loss of $14,445, among other false items.

21. On or about March 20, 2014, **NIKENCY ALEXIS** prepared a 2013 Form 1040 on behalf of customers "R.G. and N.G.," which falsely claimed that "R.G. and N.G." incurred a business loss of $18,634 and qualified for an AOTC of $1,000, among other false items.

22. On or about January 20, 2015, **NIKENCY ALEXIS** prepared a 2014 Form 1040 on behalf of customer "S.B.," which falsely claimed that "S.B." incurred a business loss of $17,422, among other false items.

23. On or about March 4, 2015, **NIKENCY ALEXIS** prepared a 2014 Form 1040 on behalf of customers "R.G. and N.G.," which falsely claimed that "R.G. and N.G." incurred a business loss of $15,507 and qualified for an AOTC of $1,000, among other false items.

24. On or about March 9, 2015, **THONY GUILLAUME** prepared a 2014 Form 1040 on behalf of customer "M.S.," which falsely claimed that "M.S." incurred a business loss of $16,203, among other false items.

25. On or about January 30, 2016, **NIKENCY ALEXIS** prepared a 2015 Form 1040 on behalf of customer "S.B.," which falsely claimed that "S.B." incurred a business loss of $14,315, among other false items.

26. On or about February 5, 2016, **THONY GUILLAUME** prepared a 2015 Form 1040 on behalf of an IRS special agent who was acting in an undercover capacity ("UCA"), which falsely claimed that "UCA" incurred a business loss of $14,137, among other false items.

27. On or about March 14, 2016, **THONY GUILLAUME** prepared a 2015 Form 1040 on behalf of customer "M.S.," which falsely claimed that "M.S." incurred a business loss of $19,817, among other false items.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH NINE
### Aiding and Assisting in the Preparation and Presentation of a False Tax Return
### (26 U.S.C. § 7206(2))

28. On or about the dates specified below with respect to each count, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**NIKENCY ALEXIS,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS of U.S. Individual Income Tax Returns, Forms 1040, for the following taxpayers and tax years, which the defendant knew were false and fraudulent as to material matters, including, but not limited to, those described below:

| Count | Approximate Date Filed | Taxpayer(s) | Tax Year | False Material Matter(s) | Amount Reported |
|---|---|---|---|---|---|
| 2 | 1/20/2015 | A.B. | 2014 | AOTC (Line 68) | $1,000 |
| 3 | 1/19/2016 | A.B. | 2015 | Business income or (loss) (Line 12)<br>AOTC (Line 68) | ($12,005)<br>$1,000 |
| 4 | 1/20/2015 | S.B. | 2014 | Business income or (loss) (Line 12) | ($17,422) |
| 5 | 1/30/2016 | S.B. | 2015 | Business income or (loss) (Line 12) | ($14,315) |
| 6 | 3/04/2015 | R.G. & N.G. | 2014 | Business income or (loss) (Line 12)<br>Education credits (Line 50)<br>AOTC (Line 68) | ($15,507)<br>$334<br>$1,000 |
| 7 | 3/21/2016 | R.G. & N.G. | 2015 | Business income or (loss) (Line 12)<br>AOTC (Line 68) | ($18,560)<br>$800 |
| 8 | 1/20/2015 | S.H. | 2014 | Business income or (loss) (Line 12)<br>AOTC (Line 68) | ($7,259)<br>$1,000 |
| 9 | 1/20/2016 | S.H. | 2015 | Business income or (loss) (Line 12)<br>AOTC (Line 68) | ($11,257)<br>$1,000 |

All in violation of Title 26, United States Code, Section 7206(2).

### COUNTS TEN THROUGH SIXTEEN
**Aiding and Assisting in the Preparation and Presentation of a False Tax Return**
**(26 U.S.C. § 7206(2))**

29.   On or about the dates specified below with respect to each count, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**THONY GUILLAUME,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS of U.S. Individual Income Tax Returns, Forms 1040, for the following taxpayers and tax years, which the defendant knew were false and fraudulent as to material matters, including, but

6

not limited to, those described below:

| Count | Approximate Date Filed | Taxpayer(s) | Tax Year | False Material Matter(s) | Amount Reported |
|---|---|---|---|---|---|
| 10 | 2/11/2015 | G.D. & J.D. | 2014 | Business income or (loss) (Line 12)<br>AOTC (Line 68) | ($2,253)<br>$2,000 |
| 11 | 2/19/2016 | G.D. & J.D. | 2015 | Business income or (loss) (Line 12) | ($6,288) |
| 12 | 3/09/2015 | M.S. | 2014 | Business income or (loss) (Line 12) | ($16,203) |
| 13 | 3/14/2016 | M.S. | 2015 | Business income or (loss) (Line 12) | ($19,817) |
| 14 | 3/09/2015 | T.S. | 2014 | Business income or (loss) (Line 12) | ($12,831) |
| 15 | 3/09/2016 | T.S. | 2015 | Business income or (loss) (Line 12) | ($9,256) |
| 16 | 2/05/2016 | UCA | 2015 | Business income or (loss) (Line 12) | ($14,137) |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNTS SEVENTEEN AND EIGHTEEN
### Filing a False Tax Return
### (26 U.S.C. § 7206(1))

30.   On or about the dates specified below with respect to each count, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**NIKENCY ALEXIS**,

did willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the tax years identified in each count below, which were filed with the IRS, verified by a written declaration that they were made under the penalties of perjury, and which the defendant knew were false and fraudulent as to material matters, including, but not limited to, those described below:

| Count | Approximate Date Filed | Tax Year | False Material Matter(s) | Amount Reported |
|---|---|---|---|---|
| 17 | 4/11/2016 | 2013 | Education credits (Line 49) <br> AOTC (Line 66) | $2,126 <br> $1,840 |
| 18 | 4/11/2016 | 2014 | Education credits (Line 50) <br> AOTC (Line 68 & 72) | $2,700 <br> $1,800 |

All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
United States Attorney

_____
DERIC ZACCA
Assistant United States Attorney

_____
LAUREN ARCHER
Trial Attorney
U.S. Department of Justice, Tax Division

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO._____ |
|---|---|
| v. | |
| NIKENCY ALEXIS and<br>THONY GUILLAUME, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____Defendants_____/ | **Superseding Case Information:** |

**Court Division**: (Select One)
__ Miami     __ Key West
_x_ FTL      __ WPB     __ FTP

New defendant(s)           Yes ___ No ___
Number of new defendants   ___
Total number of counts     ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No)    **Yes**
   List language and/or dialect    Creole

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                       (Check only one)

   I    0 to 5 days          ✓       Petty        ___
   II   6 to 10 days         ___     Minor        ___
   III  11 to 20 days        ___     Misdem.      ___
   IV   21 to 60 days        ___     Felony       ✓
   V    61 days and over     ___

6. Has this case previously been filed in this District Court?    (Yes or No)   No
   If yes: Judge                                Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No.
   Related miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the District of

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?        Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?      Yes ✓   No ___

*Deric Zacca*
Deric Zacca
ASSISTANT UNITED STATES ATTORNEY
Court No. 151378

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: NIKENCY ALEXIS                    **Case No**: _____

Count: 1

Conspiracy to Defraud the United States

18 U.S.C. § 371

**\* Max. Penalty:** Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine.

Counts: 2-9

Aiding and Assisting in the Preparation and Presentation of a False Tax Return

26 U.S.C. § 7206(2)

**\*Max. Penalty:** Three (3) years' imprisonment; one (1) year supervised release; $250,000 fine.

Counts: 17-18

Filing a False Tax Return

26 U.S.C. § 7206(1)

**\*Max. Penalty:**   Three (3) years' imprisonment; one (1) year supervised release; $250,000 fine.

Count:

_____

_____

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: THONY GUILLAUME

**Case No**: _____

Count: 1

Conspiracy to Defraud the United States

18 U.S.C. § 371

\* **Max. Penalty:** Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine.

Counts: 10-16

Aiding and Assisting in the Preparation and Presentation of a False Tax Return

26 U.S.C. § 7206(2)

\***Max. Penalty:** Three (3) years' imprisonment; one (1) year supervised release; $250,000 fine.

Count:

\***Max. Penalty:**

Count:

\***Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.